PEET ET AL. v. WHITE ET AL.

1. **Clerk of the Court:** FEES: INJUNCTION. An injunction will not be allowed, restraining the clerk of the court from paying over to his predecessor fees accruing during the latter's term of office, even though his compensation for some particular year may have exceeded two thousand dollars, unless it be made to appear that the fees became due during that year, or his compensation, if the fees were distributed over his entire term, would exceed the statutory limit.

*Appeal from Jones District Court.*

MONDAY, JUNE 12.

THE plaintiffs aver in their petition, in substance, that they are citizens and tax-payers of Jones county, Iowa; that the defendant, B. H. White, is clerk of the District Court of said county; that the defendant, J. C. Dietz, was his predecessor, and served as clerk for the period of eight years; that the board of supervisors established his compensation for the year 1868 at $600 and fees; for 1869, 1870, 1871 and 1872 at $500 and fees; and for 1873 and 1874 at $400 and fees; that he received for 1867, $1,736.71; 1868, $1,889.87; 1869, $1,694.86; 1870, $1,720.79; 1871, $1,804.78; 1872, $2,302.71; 1873, $1,974.85; and 1874, $2,194.79; that he has since the expiration of his term received from the defendant White the further sum of $375.91, being fees accruing during said Dietz' term of office; that a large amount of fees were charged during his term of office, which are still uncollected, and which he claims as belonging to him; and that the defendant White will pay to the defendant Dietz all said fees when collected unless restrained by injunction; and plaintiffs

pray that an injunction issue, restraining the said White from paying said Dietz any of said fees, and restraining said Dietz from collecting them.

The defendants demurred to the petition, and the court sustained the demurrer. Plaintiffs appeal.

*F. J. Nye*, for appellants.

*J. M. King*, for appellees.

ADAMS, J. — Section 430 of the Revision provided that the salary of the clerk should be abolished, and that he should receive the fees therein specified.

Section 3781 of the Code authorizes the clerk to charge and receive the fees therein specified. We do not think his title to the fees depends upon the time when they are collected. Until collected, they remain a charge in his favor as compensation for the work for which they are charged.

Whether the defendant, Dietz, can collect and retain all the fees, provided they should, with the allowance made by the board of supervisors, exceed the sum of $2,000, is a question which does not necessarily arise. It is true that he received more than $2,000 in 1872, and more than $2,000 in 1874; but when those fees were earned and charged does not appear. It is sufficient to say that the petition does not show that if the fees which he has collected were distributed over the years to which they properly belong, he has received more than two thousand dollars for any one year; nor does the petition show that he will receive more than that for any one year if he shall receive what is uncollected, or collected and in the hands of White.

AFFIRMED.