JAMES M. PUGH, Appellant, v. ROBERT T. EVANS, Respondent.

Kansas City Court of Appeals, May 23, 1888.

1. FEES—RIGHT OF CIRCUIT CLERK TO RECEIVE AS AGAINST HIS SUC-CESSOR IN OFFICE.—A circuit clerk is entitled to receive of the fees earned by him a sum equal to the amount allowed him by law, although such fees may not be collected during his term; and the clerk receiving them (as his successor in office) would hold them in trust for this purpose. The fees earned by a clerk belong prima-rily to the county, and out of which the clerk is allowed by law to retain a certain sum, the amount depending upon the popula-tion of his county; and the clerk holds such fees as trustee for the purposes for which the law has destined them.

2. ——— APPLICATION OF FUNDS, AS BETWEEN CLERK AND THE COUNTY.—The trust above named would be to supply a deficiency in the receipts of a former year to cover expenses and salaries. There can be no public interest subserved in letting money earned by the clerk, and which is within the limits of his salary, go to the county.

3. PRACTICE—PLEADING—DEMURRER—CASE ADJUDGED.—If the peti-tion fails to state a cause of action, although not for the reasons urged in the demurrer, the judgment sustaining the demurrer must be affirmed. The petition, in this case, does not allege that defendant had notice of the deficit in plaintiff's salary, nor does it appear whether defendant had the money in his hands, or has set-tled with the county court, and for this reason the demurrer was properly sustained. In order to hold defendant liable, it should be alleged and shown that he had knowingly misapplied the trust fund.

APPEAL from St. Clair Circuit Court, HON. DANIEL P. STRATTON, Judge.

*Affirmed.*

The case is stated in the opinion.

W. P. SHELDON, for the appellant.

I. The judgment on demurrer is wrong, and should, therefore, be reversed. The court erred in sustaining

defendant's demurrer. The petition states facts sufficient to constitute a cause of action.

II. The question submitted is, whether Pugh, the appellant, is entitled to have applied the fees earned by him in each year while he was clerk of the circuit court of St. Clair county, until he shall have received a sufficient amount to pay his salary and deputy hire, as provided for by law. In the solution of this question the court's attention is called to the history of the legislation with regard to salaries and fees of clerks of courts of record, and also to the mischief the present law was intended to remedy. Prior to the constitutional enactment of 1865, section twenty-four, article six, Wagner's Statutes, clerks of courts of record were entitled by law to all fees earned by them as such. But owing to the increasing population of the state, and the growing legal business therein, salaries of clerks were deemed by the people in convention assembled to be too large, and they fixed their salaries at twenty-five hundred dollars. The legislature, in 1868 (see 1 Wag. Stat., sec. 30, p. 631) provided salaries of clerks should be twenty-five hundred dollars, exclusive of necessary deputy hire, and further, that such clerks should annually report the amount of fees received to the county court, and the excess above salary and deputy hire should be paid into the county treasury. The clerks were, by the law, to have their salaries, as fixed by law, before the county treasurer should receive anything. And the annual report provided for was intended to show the *status* of the account between the clerk and the county. The law was again amended in 1874, which will be found in Revised Statutes of 1879, sections 5626 and 5627, whereby the legislature reduced the salaries of clerks in many counties whose business was small, and increased the salaries in large counties to compensate clerks thereof for the amount of labor performed by them. This amendment provided for quarterly reports by clerks to the county court, instead of annual reports, as was formerly the law. The legislature evidently took the

view that frequent reports would be a safeguard against fraud ; hence the amendment. It was evidently not the intention of the legislature to curtail the salary of clerks and to prevent them from receiving the maximum, then allowed by law. The law was further amended in 1883. Acts of 1883, sec. 1, p. 93. The court will notice that in the amendment of 1883 the legislature has said that the clerk shall be allowed to retain for his services, for one year, the amount named, according to the population of the county of which he is clerk. What did the legislature mean when it said, that "in all counties having a population of ten thousand and less than fifteen thousand persons, the clerks shall be permitted to retain eleven hundred dollars for themselves," etc.? I take it that the legislature meant just what it said, that the clerks in such counties in Missouri should have eleven hundred dollars annually for their services as such clerks, and the fact that a sufficient amount of fees were not received by the clerk in any one year to pay his deputy hire (not to exceed the amount named by law) and his salary of eleven hundred dollars is no reason why he should not, even after he has retired from office, receive the maximum allowed him by law, provided he earned, while in office, an amount equal to the deficit in his salary, and provided further, that his successor has collected of the fees so earned a sufficient amount to pay the deficit whatever it may be. That the excess of fees earned in any given year may be applied to make up a deficit for a prior year, is settled by the case, *In re Lewis*, 52 Mo. 550. Lewis was the clerk of the circuit court of St. Louis county, and was serving his second term as such clerk. In the year 1871 there was a deficit in the receipts of his office of the sum of $7,917.30 ; that is, the total receipts of his office fell short by that amount of a sum sufficient to pay his salary and deputy hire. There was, however, remaining in his hands fees earned during his prior term, out of which the court allowed him the sum of $7,917.30 to supply the deficit for the year 1871, which still left a

balance in his hands, which balance he was, by the court, required to pay into the county treasury. Here the court directly recognized the law to be that the clerk was entitled to receive the maximum allowed by law for his salary; and further, if there is a shortage in one year, such shortage may be supplied out of the fees of a succeeding year, no matter whether such fees were earned in the year wherein the deficit occurred, or not. The same doctrine is declared in *Thornton v. Thomas*, 65 Mo. 272.

III. The facts in each case will determine the conclusion reached by the court. They are the hinge upon which the case will turn. Evans, the appellee, contends that he is entitled to all the fees that he may collect, notwithstanding he expended no labor therefor. Such a construction as contended for by him would not only be illegal, violative of the intention of the law-making power, but grossly inequitable and unjust. Can it be possible that the legislature intended that an incoming clerk should receive and appropriate to his own salary fees earned by his predecessor, when his predecessor had not received the full amount of his annual salary and the successor did nothing save to receive the fees and receipt to the sheriff therefor? No such intention was ever in the legislative mind. If the courts of this country uphold and sustain such a doctrine as that, then let us quote no longer with approval, that higher and better law of the Bible, "The laborer is worthy of his hire."

JOHN H. LUCAS, for the respondent.

I. The demurrer ought to have been sustained upon the grounds following: (1) It appears from the face of the petition that the real party defendant is the county of St. Clair, and defendant herein is only a trustee holding the fees collected for the benefit of the county; and that plaintiff has made a final settlement with the county. *State to use v. Hickman*, 84 Mo. 74. (2) The demurrer ought to have been sustained for the reason that appellant had no interest in the fees of his office after the expiration of his term.

II. The law does not fix the salary of the clerk of the circuit court at eleven hundred dollars. Section 5627, Revised Statutes, provides "in all counties having a population of ten thousand and less than fifteen thousand persons, the clerks shall be permitted to retain eleven hundred dollars for themselves and be allowed to pay for deputies or assistants not exceeding five hundred dollars." Under this contract appellant accepted the position of clerk of the circuit court, a contract that makes him a trustee for the benefit of the county. He has no interest in the fees except in trust, first, to pay his deputies, second, to pay himself a sum not exceeding eleven hundred dollars, third, to turn the residue into the county treasury. *Thornton v. Thomas*, 65 Mo. 272; *In re Burris*, 66 Mo. 447.

III. If he does not collect his fees during his incumbency, how can it be claimed that he is entitled to that which he never receives? Such a construction as contended for by appellant would enable an officer as long as he retained his position to be careless and indifferent about the collection of fees, and as soon as his successor qualified and he was no longer interested, compel the collection by fee bills, executions, etc., of claims that, while in official position himself, he took no steps and made no efforts to collect for fear of injuring his chances for reëlection.

IV. Respondent's interest in the matter is simply to pay the same into the county treasury under section 5635, Revised Statutes.

Ellison, J.—This action is by an ex-clerk of the circuit court of St. Clair county against his successor in office. The petition alleges that in each of the years of plaintiff's incumbency the fees earned and collected by him did not amount to the sum allowed him by law as salary, after paying his deputy; and that his settlements with the county court showed this; that he earned $113.05 in fees in suits pending in the circuit court, which had not been collected during his term, but

were collected by defendant, his successor; that he had demanded these fees of defendant and had been refused by him.

Defendant demurred to the petition as stating no cause of action. The demurrer was sustained and plaintiff refusing to plead further, judgment was entered for defendant.

I am of the opinion that a circuit clerk is entitled to receive of the fees earned by him a sum equal to the amount allowed him by law, although such fees may not be collected during his term and that the clerk receiving them would hold them in trust for this purpose. It seems to be the view of the Supreme Court, as expressed in *Thornton v. Thomas*, 65 Mo. 272, that the fees earned by a clerk belong primarily to the county, and out of which the clerk is allowed by law to retain a certain sum, the amount depending upon the population of his county; that the clerk holds such fees as a trustee for the purposes for which the law has destined them. In that case it was not determined, "whether one of these trusts would be to supply a deficiency in the receipts of a former year to cover expenses and salaries," the facts in that case not calling for a decision of such question. But the question is involved here, and I think the trust would be to supply the deficiency in the ex-clerk's salary. Such view is certainly more consonant with justice and fairness. There can be no public interest subserved in letting money earned by the clerk and which is within the bounds of his salary, go to the county. Such is undoubtedly the proper construction of the statute. A case could well be supposed of a clerk filling a short unexpired term in which all of the fees earned by him would be paid in to his successor. I cannot think that under such state of facts he would get nothing for his services.

The foregoing views do not fully dispose of the case. If the petition fails to state a cause of action, although not for the reason urged in the demurrer, the judgment must be affirmed. The petition does not allege that

defendant had notice of the deficit in plaintiff's salary; nor does it appear whether defendant had the money in his hands, or had settled with the county court, and for this reason the demurrer was properly sustained.

In order to hold defendant liable, it should be alleged and shown that he had knowingly misapplied the trust fund. If, without knowledge of plaintiff's claim, defendant made his regular settlement with the county court and turned over money collected by him, though earned by plaintiff, he ought not to be held liable; for he cannot be supposed to be aware of the deficit, without some sort of notice to that effect.

The judgment, with the concurrence of the other judges, is affirmed.