IDA F. BOETTCHER, EXECUTRIX, ET AL. V. LANCASTER
COUNTY.

FILED JUNE 8, 1905.   No. 13,823.

1. Clerks of Courts: FEES. · Before the act amendatory of section 3,
   chapter 28, Compiled Statutes, 1903, limiting the salary of clerks
   of the district court went into effect, a clerk had collected the
   fees for making complete records, but died before such records
   were made.   At the request of his representatives, and after
   said act went into effect, his successor made up these records and
   received the fees therefor from such representatives.   In an
   action by the county on the official bond of such successor, *held*,
   that he was properly chargeable with such fees.

2. ———: ———.   Under said amendatory act, a clerk of the district
   court is required to account for the fees earned by him as a
   member of the board of commissioners of insanity.

3. ———: ———.   Ordinarily, under said amendatory act, the clerk
   extends credit at his peril, and will be required to account for
   the fees earned by him for official services, whether the same are
   collected or not.

4. ———: ———.   But the clerk is not required to account to the
   county for fees collected by him for services rendered by his
   predecessor before said act went into effect, although the act
   was in force when such fees were collected.

ERROR to the district court for Lancaster county: AL-
BERT J. CORNISH, JUDGE.   *Affirmed.*

*F. A. Boehmer* and *Kennedy & Learned,* for plaintiffs in
error.

*James L. Caldwell, contra.*

ALBERT, C.

This is an action on the official bond of Charles O.
Boettcher, ex-clerk of the district court for Lancaster
county.   He was appointed to that office on the 14th day
of September, 1899, to fill a vacancy caused by the death
of Joseph H. Mallalieu, and held until the 4th day of Jan-
uary, 1900, when he surrendered it to his successor, who

had been elected at the preceding general election. The acts and omissions relied upon to show a breach of the conditions of the bond are, in substance, that Boettcher failed to account for the fees of said office as required by the provisions of section 3, chapter 28, Compiled Statutes, 1903 (Ann. St. 9029), which, so far as is material to the present controversy, are as follows: "If the fees of said clerk shall exceed sixteen hundred ($1,600) dollars per annum in counties having less than twenty-five thousand inhabitants, or if the fees shall exceed three thousand ($3,000) dollars per annum in counties having more than twenty-five thousand inhabitants and less than fifty thousand inhabitants, or if the fees shall exceed thirty-five hundred ($3,500) dollars per annum in counties having more than fifty thousand inhabitants and less than one hundred thousand inhabitants, or if the fees shall exceed five thousand ($5,000) dollars per annum in counties having more than one hundred thousand inhabitants, said clerk shall pay such excess into the treasury of the county in which he holds his office. Provided also, that the clerk of the district court of each county shall on the first Tuesday of January, April, July, and October of each year make a report to the board of county commissioners under oath showing the different items of fees received, from whom, at what time, and for what service, and the total amount of fees received by such officer since the last report, and also the amount received for the current year. Provided further, that if the county board of commissioners think necessary, said clerk may be allowed one deputy at a compensation not to exceed one-half that allowed his principal; and such other assistants at such a compensation and for such time as aforesaid board may allow, and that none of said clerks, deputies or assistants shall receive any other compensation than that accruing to their office." Judgment was given for the plaintiff and the defendants bring error.

In order to understand what follows, it should be kept in mind that the statutory provision above quoted is

amendatory of an act whereby the clerk was not required to account to the county for the fees earned by him, but was permitted to retain them, regardless of their aggregate amount, as his compensation for his official services. The amendatory act was passed without an emergency clause, and was approved April 3, 1899.

Among other items included in the judgment of the district court are fees, aggregating $1,150.94, for making up complete records which, in the due and orderly conduct of the clerk's office, should have been made up by Boettcher's predecessor, who had collected the fees therefor, but failed to do the work. Boettcher, during his incumbency, did this work, at the request of the representatives of his predecessor, and received therefor from them the amount of fees just mentioned. The defendants now contend that the court erroneously charged Boettcher with the fees he received for making up such records. In support of this contention, it is argued that it was no part of Boettcher's official duty to make up records, which should have been made up by his predecessor in the discharge of his duties, and that whatever fees Boettcher received for such services are for services rendered in his private capacity, and not in his capacity as clerk of the district court. Counsel in their brief say: The test is whether Boettcher, without receiving extra compensation therefor, would have been compelled by proper procedure to make up these records which should have been made up by his predecessor. That is not the test. Section 31, chapter 28, Compiled Statutes, 1903 (Ann. St. 9057), provides that a clerk of the district court, and other officers therein mentioned, may in all cases require the party for whom any service is to be rendered to pay the fees in advance, or give security. From this provision it seems clear that the test is not whether he could have been compelled, without compensation, to make up these records, but whether, upon the payment of his fees therefor, which was done in this case, he could have been compelled by proper procedure to perform such services. Section 444 of the code requires

the clerk to make a complete record of every case determined; section 445 provides that these records shall be made up in the vacation next after the determination of the cause. The statute fixing the time within which such records shall be made must be regarded as directory, because it not infrequently happens that, because of the shortness of the vacation, or other reasons, it is impossible for the clerk to make up a complete record of each case determined at the preceding term. But the duty of making such record, like the other duties of the office, is a continuing one that devolves upon each successive incumbent. It is one that belongs exclusively to the clerk of the district court. No such thing as a complete record of a cause made by a private party, under a contract, is known to the code. The duty of making such record is one that the clerk is required to perform at the request of any person interested, on receipt of his fee, and the fact that such duty should have been performed by a predecessor would be no ground for a denial of such request by the incumbent, nor would it make the services performed by him in that behalf any the less official. The services were performed by Boettcher during his incumbency. He was paid therefor by the representatives of his predecessor. The fees he received for such services are a part of the receipts of his office, and are clearly within the amendatory statute requiring him to account for all fees in excess of the salary thereby allowed.

The trial court charged the defendants· with the fees received by Boettcher during his incumbency for his services as a member of the board of insanity, amounting to $66.30, and the defendants now challenge this charge. Section 17, chapter 40, Compiled Statutes, 1903 (Ann. St. 9606), provides for the organization of a board of insanity in each county, and that the clerk of the district court shall be · ex officio a member thereof. A subsequent section fixes the compensation of members of this board. This act was in force long before the amendatory act regulating fees of the clerk of the district court, and requiring him to

account therefor, was enacted. The obvious purpose of the amendatory act is to require the clerk to account to the county for the income of his office over and above a certain sum. He is required to account for fees received for official services rendered by virtue of his office. His services as a member of the board of insanity are rendered, and the fees for such services are received by him, by virtue of his office as clerk. *State v. Whittemore,* 12 Neb. 252, seems to be in point. In that case it was sought to compel a county clerk to make a report of all fees received by him by virtue of his office. The county of which he was clerk contained, at that time, less than 8,000 inhabitants, and he was therefore also *ex officio* clerk of the district court. The question arose whether he could be required to account, as county clerk, for the fees received by him as clerk of the district court. The court held that he must account for such fees. The county clerk, in certain counties, is *ex officio* register of deeds, yet it has never been seriously questioned that the law requiring such clerk to account for the fees of his office required him to account for the fees received as register of deeds. We think the defendants were properly charged with the fees received for services rendered as a member of the board of insanity.

It appears from the record that at the expiration of his term fees amounting to $1,344.25, which Boettcher had earned during his incumbency, were uncollected, and the question now arises whether the defendants are chargeable with such fees. The amendatory statute requiring a clerk to account for the fees of his office over and above a specified salary gives the county a pecuniary interest in the services of the clerk and the earnings of his office. To the extent of that interest, he is the agent of the county and is without authority to extend credit. On the contrary, as we have heretofore seen, he has a right to demand his fees in advance, and since the enactment of the amendment giving the county a pecuniary interest in the income of the clerk's office, it is not only the right of the clerk,

but his duty, to require payment or security in advance of the rendition of his official services. It would be an anomalous holding which would permit one acting with respect to the same subject matter, in his own behalf and as agent for another, to deal more generously with himself than with his principal.

The rule laid down in *Sheibley v. Dixon County*, 61 Neb. 409, is that a county clerk must account for all fees earned by him, whether collected or not. The controversy in that case arose from an item for which the clerk had made no charge. It was contended on behalf of the clerk that, having received no fee for the services, he should not be called upon to account for the same. The court in disposing of that contention said: "This is hardly a tenable position. The law cast upon him the duty of collecting this fee, and if he did not do so, the fault was with him, and he should be compelled to account for the same." There is no great difference in principle between making no charge for services and extending credit therefor whereby the fees are lost. We are clearly of the opinion that it was the duty of Boettcher to collect these fees, and to the extent that he failed to do so, he and his sureties are liable on his official bond. Whether special circumstances might excuse a clerk for a failure to collect his fees is a question which does not arise in this case.

It appears that some of these fees were collected by Boettcher after his term of office had expired. The question is raised whether his sureties are liable for the fees thus collected by him. But the view we have taken with respect to the collection of fees renders it unnecessary to discuss this proposition because, if they were liable for all the fees uncollected at the expiration of his term of office, their liability should not be affected by the fact that he afterwards collected some of these fees.

Another item with which defendants claim they are not properly chargeable is made up of certain fees earned by Boettcher's predecessor before the amendatory act regulating the salary of clerks of the district court took effect,

and which were collected by Boettcher. We agree with the defendants in their contention that Boettcher is not required to account to the county for these fees. While it is true they were received by him during his incumbency, yet, by the provisions of the statute under which they were earned, they belong exclusively to his predecessor, and the liability of the defendants on the bond as to such fees is to his predecessor and not to the county. *Pugh v. Evans,* 31 Mo. App. 290; *Lycett v. Wolff,* 45 Mo. App. 489; *Allen v. Cowan,* 96 Mo. 193; *Pect v. White,* 43 Ia. 400. As was said in the first case cited, no public interest would be served by allowing money earned by the former clerk, which was within the limits of his salary, to go to the county. But it does not appear that these fees earned by Boettcher's predecessor were charged to the defendants by the trial court.

After allowing credit for the amount allowed the clerk by law, the court found a balance due the county of $2,700. The items which we have heretofore found properly chargeable to the defendants aggregate $2,561.49. This amount, with accruing interest, would justify the finding of the trial court, at least so far as the defendants are concerned.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.