STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF
LAND; ROBERT SMITH, CLERK DISTRICT COURT, AP-
PELLANT.

KINGMAN IMPLEMENT COMPANY, APPELLEE, V. ALFALFA
MEAL COMPANY; ROBERT SMITH, CLERK DISTRICT
COURT, APPELLANT.

MOLLIE ROY, APPELLEE, V. JAMES W. ROY; ROBERT SMITH,
CLERK DISTRICT COURT, APPELLANT.

J. A. TAMINOSIEN, APPELLEE, V. FRANK CRAWFORD; ROBERT
SMITH, CLERK DISTRICT COURT, APPELLANT.

FILED JUNE 26, 1908.  Nos. 15,640, 15,641, 15,642, 15,643.

1. Clerks of Courts: COLLECTION OF FEES. The clerk of the district
court is authorized by law, and it is his duty when the statutes
provide a fee for any service required of him as such officer, to
collect or secure the payment of the same in advance of its per-
formance; and this duty is one which he owes to the county,
which has an interest therein, and to himself as a protection
against enforced payment to the county treasurer of fees earned
by him, but not collected.

2. ———: ———. The question whether that officer is to be held
liable as an insurer of the collection of his fees, or is only re-
quired to exercise due diligence in that matter, not decided.

3. ———: ———. Where no fee is provided by statute for the per-
formance of an official duty, such as keeping a record of the
formal proceedings and orders of the court, the clerk of the dis-
trict court is not authorized to charge a fee for performing such
duty, and may be compelled to perform such services without
compensation other than the salary allowed him by law.

4. ———: FEES: PAYMENT IN ADVANCE. The district court cannot
compel its clerk to record a judgment or decree on its journal,
or make a complete record in a case finally disposed of, without
payment of his fees therefor in advance, or the giving of proper
security therefor by the party requesting the performance of the
service.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, WILLIAM A. REDICK and WILLIS G.
SEARS, JUDGES. *State v. Several Parcels of Land affirmed:
The remaining cases are reversed.*

*F. S. Howell,* for appellant.

*W. H. Herdman, Frank Crawford, John P. Breen,* and *Henry W. Murphy, contra.*

BARNES, C. J.

The foregoing were argued and submitted together as one case, and will be so considered by the court. The parties will, for convenience, be referred to as appellant and appellees, and the statute citations are by section number, as given in Ann. St. 1907. The appellant in each of the cases is the clerk of the district court for Douglas county, and complains of certain orders or judgments entered therein. In the *Pollack* case, No. 15,640, the court, on its own motion, vacated a prior order entered in said cause. The journal entry of the vacating order was prepared, signed and presented to the appellant, with a demand that he forthwith enter the same upon the court journal. The *Alfalfa Meal Company* case, No. 15,641, having been finally determined, and no waiver of a complete record having been made, a demand was made upon the appellant to make such complete record. In the *Roy* case, No. 15,642, a decree of divorce was duly rendered by the court. The journal entry thereof was prepared by counsel, and presented to the appellant, with a demand that he enter the same upon the court journal. In the *Taminosien* case, No. 15,643, the court made an order overruling the motion for a new trial and rendered judgment on the verdict, making a minute of the order and judgment on the trial docket. Demand was thereupon made upon the appellant to forthwith enter said order and judgment on the court journal. The appellant refused to comply with said demands and each of them, for the reason that his fees and costs for the services demanded had not been paid or tendered. Upon notice, a separate order was made by the court in each case, requiring the appellant, as clerk of said court, to enter and journalize said orders and de-

crees, and make said complete record. It is conceded that the appellant's fees and costs for the services demanded have never been paid or tendered; that he demanded payment thereof in advance of the performance of the services, and no excuse was presented for the refusal and failure to pay the same by the interested parties. The trial court held, however, as a matter of law, that it was appellant's mandatory duty to record and journalize the proceedings and judgments of the court above mentioned, and to make a complete record in all cases, unless duly waived, notwithstanding the fact that his fees and costs therefor were not paid or tendered.

Two questions are thus presented for our consideration. One as to the duty of the clerk to record and journalize the proceedings of the court above mentioned, and the other as to his duty to make a complete record without the payment of his fees in advance where they are demanded by him. It was held in *Wallace v. Sheldon,* 56 Neb. 55, that the court has no inherent power to award costs to a litigant, and that the right to costs is a purely statutory one. Therefore the questions above stated must be determined by our statutes on the subject of fees and costs. Section 887 of the code provides that the clerk shall keep the records, books and papers appertaining to the court and record its proceedings. Section 9464, Ann. St. 1907, reads as follows: "The clerks of the supreme court and of each district court, the register in chancery, probate judge, sheriff, justice of the peace, constable, or register of deeds may in all cases require the party for whom any service is to be rendered to pay the fees in advance of the rendition of such service or give security for the same to be approved by the officer." By section 9434 it is provided, among other things, that the clerk of the district court shall keep a docket in which he shall enter the costs chargeable and taxable against each party in any suit pending in said court, and he is empowered at any time to make out a statement of such fees, specifying each item of the fees so charged and

taxed, under seal of the court, which fee bill so made shall have the same force and effect as an execution, and the sheriff to whom said fee bill shall be issued shall execute the same as an execution. It is further provided in said section that in counties having more than 50,000 inhabitants and less than 100,000, or if the fees shall exceed $4,000 per annum in counties having more than 100,000 inhabitants, the clerk shall pay such excess into the treasury of the county in which he holds his office; that the clerk of the district court of each county shall on the first Tuesday of January, April, July and October of each year make report to the board of county commissioners or board of supervisors, under oath, showing the different items of fees received, from whom, at what time, and for what service, and the total amount of fees received by such officer since the last report, and also the amount received for the current year. The foregoing provisions relating to amount of salary apply particularly to Douglas county. In addition to the salary or compensation provided by section 9434, the clerk of the district court of that county is by section 9435 allowed an additonal salary of $1,000 to be paid out of the general fund of the county, which is to be entered on his fee book and accounted for in the same manner and subject to the same limitation as other fees. Section 9434, *supra,* provides for and describes the fees, together with the amounts thereof which may be charged by the clerk of the district court. Construing the provisions of that section, it was said in *Boettcher v. Lancaster County,* 74 Neb. 148, that the clerk of the district court must account for the fees earned in performing the duties of his office, and pay the same over to the county treasurer, whether collected by him or not, and that ordinarily the clerk extends credit at his peril. The same rule was announced in *State v. Hazlett,* 41 Neb. 257, and in *Sheibley v. Dixon County,* 61 Neb. 409. Construing all of the provisions of the statutes on this subject together, and considering them in the light of the foregoing decisions,

we are constrained to hold that it is the duty of the clerk of the district court, where the statute provides a fee for any service required of him, to collect the same in advance. This duty he owes to the, county, which has an interest therein, and to himself as a protection against enforced payment to the county treasurer of fees earned by him, but not collected; for it is well settled that ordinarily he is responsible for such payment. It has been suggested by appellees that the measure of the clerk's responsibility is only due diligence; that he is not an insurer of the collection of his fees; and that, in case he fails to make such collection, he is not accountable to the county therefor. We are not required to determine this question in any of these cases, and we therefore decline to do so. It is possible, as suggested in. *Boettcher v. Lancaster County, supra,* that special circumstances may excuse the clerk for a failure to collect his fees, but no such circumstances are shown, and, in fact, no excuse is presented in any of these cases for a failure of the party requesting the services to pay, and the appellant to collect the fees in question.

This brings us to the consideration of the ·nature of the services required in each case. It is conceded by all parties to this controversy that there are certain services which the appellant is required to perform for the court for which no fee is provided by law, and this must be so in the very nature of things. Recognizing this fact, and in order to pay for such services, the legislature has provided a salary in all counties of the state having a population of 8,000 and over in addition to the fees provided for his office, which salary is to be "entered upon his fee book and accounted for in the same manner and subject to the same limitation as other fees." This seems to indicate that in such counties the legislature was inclined to think the receipts from fees alone might not be sufficient to produce the amount which the clerk is entitled to retain out of the receipts of his office annually in payment for his services. After a careful examination

of the statutes, we are of the opinion that no fee is provided, fixed or allowed for keeping the records of the proceedings of the court, such as its formal opening and adjournment and its ordinary interlocutory orders made necessary by the proper conduct of its business, of which the order in the *Pollack* case made upon the court's own motion for the purpose of correcting its records is one. For such service the appellant was not required or authorized to charge and collect a fee. The order of the district court, therefore, in that case should be affirmed.

We come now to consider the question involved in the *Alfalfa Meal Company* case, No. 15,641. As above stated, the service there required was the making of a complete record. Section 9434 provides that for making such record the clerk shall receive one cent for each ten words thereof, and he is by law required to make a complete record in each case, unless the same is duly waived by all the interested parties. It is clear, therefore, that it is his duty not only to make the record, but also to collect his fees therefor. This he could lawfully do by requiring the successful party to pay them in advance of the rendition of the service. In such cases the successful party is ordinarily the one to be benefited thereby, and he is therefore required to pay for the service in the first instance. This imposes no serious burden on him, for he may have judgment over against the loser for the costs so advanced by him, and may have execution awarded therefor. We are therefore of opinion that the order of the district court requiring appellant to make a complete record in that case, without the payment of his fees, should be reversed.

Considering the question presented in the *Roy* case, No. 15,642, we find that it is provided by section 9434 'that the clerk of the district court is allowed for entering a judgment on the journal 25 cents, and for each 10 words after the first 100 words thereof the sum of 1 cent. It therefore follows that it was the right and the duty of

the appellant to demand and collect his fee for that service in advance of its performance.

It is suggested, however, that this rule is calculated to hinder and impede the administration of justice, and render it impossible for the court to keep an accurate and complete record of its proceedings, orders, judgments and decrees; that its judgments and decrees (which under our practice are one and the same) are a part of its records, and have no force or effect until entered and recorded in the court journal. We think these objections are more fanciful than real, and present no substantial objection to the foregoing rule. It has often been held that the rendition of a judgment or decree is an act distinct and separate from its journalization. It is true that it should be recorded in order to preserve the evidence of what was in fact decided by the court, but this is not done in the interest of the court. It is, in fact, required for the benefit of the parties, and is more directly or especially for the interest of the prevailing party, who is the one usually requesting the service. He is primarily liable to pay for such service, and we are therefore constrained to hold that the appellant was entitled to payment, in advance, of the fees demanded by him for journalizing the decree in question; and the order of the district court requiring him to enter it in the court journal without such payment should be reversed.

The foregoing discussion applies with full force to the question involved in the *Taminosien* case, No. 15,643, and the order therein should also be reversed.

It is urged by counsel for appellees that permitting the clerk to refuse to perform the services required of him by law, unless his fees therefor are paid in advance, will result in much delay and confusion, will deprive the court of the power to conduct its business in an orderly and dignified manner, and will result in some cases in a denial of justice. We think these objections are without substantial merit. It is clearly within the power of the court to require the plaintiff in a civil action be-

fore commencing his suit to make a deposit of a reasonable and substantial sum of money with the clerk, sufficient, at least, to insure the payment of the fees for which he may be primarily liable. It is also true that the clerk, in the absence of such rule, may require a party for whom he may be requested to perform services to pay the fees therefor in advance or secure their payment. It is a well-known rule of our federal courts to require the plaintiff at the commencement of his action to make a substantial deposit to secure the payment of his costs, and upon the appearance of a defendant he is also required to advance a sum sufficient to cover the costs which it is estimated will be incurred by him during the progress of the litigation; and this rule is strictly enforced. No complaint appears to have ever been made of the rule, and it has never been suggested that its enforcement has in any way delayed, hindered or impeded the administration of justice. It would seem to be the duty of our district courts to protect their officers, and assist them in collecting or securing the collection of their fees; and it may not be out of place for us to suggest that it would be for the best interests of all concerned for those courts to adopt a rule requiring the plaintiff in all civil cases, at the commencement of his action, to deposit with the clerk a sufficient sum of money to secure the payment of his costs therein. In answer to the contention that such a course might, in certain cases, amount to a denial of justice, it may be suggested that in case a litigant should be unable to pay or secure the payment of his costs in advance, or make such a deposit on account of poverty, or other reasonable cause, he should be held to be within an exception to such rule. In any event, however, it is our opinion that the district court is not authorized to compel the clerk to perform services for which he is entitled to charge and collect his fees in advance, and for which he must account to the county, without such fees are thus paid or their payment is secured.

For the foregoing reasons, the order of the district court in No. 15,640 is affirmed; and the orders of said court in Nos. 15,641, 15,642 and 15,643 are reversed and said causes are remanded for further proceedings in accordance with this opinion. A judgment in each of the several cases is rendered accordingly.

JUDGMENT ACCORDINGLY.