# HUFFMAN v. BOERSEN

No. 71–5097. Argued April 19, 1972—Decided May 15, 1972

*Leo Eisenstatt,* by appointment of the Court, 404 U. S. 998, argued the cause and filed briefs for petitioner.

*Vincent L. Dowding* argued the cause and filed a brief for respondent.

PER CURIAM.

We granted certiorari to review the constitutionality of Neb. Rev. Stat. § 25–1914 (1964) [1] under which the Nebraska Supreme Court dismissed this indigent petitioner's appeal for his failure to deposit the $75 cash or bond security for costs required of appellants by the statute. 404 U. S. 990 (1971). The judgment appealed from annulled petitioner's marriage to respondent and dismissed his countersuit claiming paternity and custody of a child born to respondent. After our grant of certiorari, Nebraska enacted Legislative Bill 1120 providing, among other things, that the Nebraska courts "shall authorize . . . [an] appeal . . . without pre-

---

[1] "On appeal in any case taken from the district court to the Supreme Court the appellant . . . shall, within one month next after the rendition of the judgment or decree . . . sought to be reversed, vacated or modified, . . . file in the district court a bond or undertaking in the sum of seventy-five dollars to be approved by the clerk of the district court, conditioned that the appellant shall pay all costs adjudged against him in the Supreme Court; or, in lieu thereof, shall make a cash deposit with said clerk of at least seventy-five dollars for the same purpose . . . ."

payment of . . . security, by a person who makes an affidavit that he is unable to . . . give security . . . ," except that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Counsel for both parties were of the opinion on oral argument here that this new statute is applicable to the instant case. Counsel for respondent also conceded that petitioner's appeal on the paternity issue has merit.[2] Accordingly, the judgment is vacated and the cause remanded to the Nebraska Supreme Court for reconsideration in light of the supervening statute.

*It is so ordered.*

MR. JUSTICE DOUGLAS, concurring.

While I agree to either reversing the judgment below or vacating and remanding, I do so on somewhat different grounds.

This case is clearly controlled by *Boddie* v. *Connecticut*, 401 U. S. 371. It involves, not a divorce, but an annulment and a claim concerning the paternity and custody of a child. The principles announced in *Boddie* are therefore clearly applicable no matter how closely *Boddie* is confined.[1]

---

[2] "Q. You told us today that you concede that the determination of the paternity question was insufficient, invalid I think is the word you used.

"Mr. Dowding. Yes, I'm willing to agree that [petitioner] did not have his day in court on the paternity issue.

"Q. And we could say so on a remand.

"Mr. Dowding. Yes. So stipulate." Tr. of Oral Arg. 40.

[1] I share the view of Justice Black, however, that:

"[T]he decision in *Boddie* v. *Connecticut* can safely rest on only one crucial foundation—that the civil courts of the United States and each of the States belong to the people of this country and that no person can be denied access to those courts, either for a trial or an appeal, because he cannot pay a fee, finance a bond, risk a penalty, or afford to hire an attorney. . . .

 ██

What the Supreme Court of Nebraska may do about the statute that has recently been enacted is its business and not ours. The parties before us cannot by their agreement make that statute applicable. Only the Supreme Court of Nebraska can do so, and we cannot direct that court to reconsider this case in light of the supervening statute.[2] The Supreme Court of Nebraska is sovereign in its own right in connection with local law matters. *Boddie* contains the guiding federal principle and that principle alone should control the disposition that we make of the case.[3]

---

"[T]he crucial foundation on which *Boddie* rests also forbids denial of an indigent's right of appeal in civil cases merely because he is too poor to pay appeal costs. Once the right to unhampered access to the judicial process has been established, that right is diluted unless the indigent litigant has an opportunity to assert and obtain review of the errors committed at trial." *Meltzer* v. *LeCraw & Co.*, 402 U. S. 954, 955–956, 958 (opinion of Black, J.).

[2] Some States do have procedures by which federal appellate courts may certify questions of law to the state supreme court. Florida is one. See *Diffenderfer* v. *Central Baptist Church*, 404 U. S. 412, 415 (DOUGLAS, J., dissenting). Nebraska has no such procedure.

[3] It is possible that the Nebraska Supreme Court will have no opportunity, despite the remand, to rule on the applicability of the new statute to petitioner. Legislative Bill 1120 provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In the federal system, "good faith" has "been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz* v. *Hauck*, 404 U. S. 59, 62 (DOUGLAS, J., concurring). Here, respondent urges strenuously that the annulment issue is indeed frivolous. While counsel is willing to stipulate that there is merit to the paternity issue, the effect of such a stipulation on the views of the trial judge, who is on record as believing petitioner's assertions to be "wholly without merit," App. 49, is highly speculative.

Should petitioner's *in forma pauperis* appeal be disallowed because of the trial court's certification of the appeal as frivolous, I would hold that petitioner had been denied the equal protection of the laws. *Cruz* v. *Hauck, supra.*