Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/28/2025 09:10 AM CDT

Dennis C. Jackson, appellant, v.
Maria Rodriguez et al., appellees.
___ N.W.3d ___

Filed March 28, 2025.    No. S-24-133.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.

2. **Appeal and Error.** Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error.

3. \_\_\_\_. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

4. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.

5. **Agents: Counties: Fees.** A clerk of the district court is an agent of the county, is required to collect the fees due to his or her office, and has no authority to extend credit.

6. **Fees.** It is not only the right but the duty of the clerk of the district court to require the payment of fees in advance.

7. **Statutes: Fees: Costs.** Nebraska's in forma pauperis statutes were enacted to provide a mechanism to permit filings by persons who are unable to pay the fees and costs.

8. **Courts: Affidavits.** Challenges to the ability of a defendant to proceed in forma pauperis are to occur in the district court, and the district court is charged with the responsibility of granting or denying a motion to proceed in forma pauperis.

9. **Fees: Costs.** Upon the filing of an application in forma pauperis to commence an action, Neb. Rev. Stat. § 25-2301.02 (Reissue 2016)

authorizes a court to (1) grant the application; (2) object to the application on the basis that the applicant has sufficient funds to pay costs, fees, or security, and thereafter conduct an evidentiary hearing before granting or denying the application; or (3) object to the application on the basis that the proposed complaint or petition is asserting legal positions that are frivolous or malicious and promptly file a written statement of its reasons, findings, and conclusions for denial of the application.

10. **Constitutional Law: Judgments.** Except in those cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) allows the court, on its own motion, to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue a written statement of its reasons, findings, and conclusions for denial.

11. **Actions: Words and Phrases.** A frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence.

12. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

13. **Statutes: Appeal and Error.** The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.

14. ____: ____. Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) provides a statutory right of interlocutory appellate review of a decision denying in forma pauperis eligibility.

15. **Jurisdiction: Affidavits: Appeal and Error.** An appellate court obtains jurisdiction over an appeal upon the timely filing of a notice of appeal and a proper in forma pauperis application and affidavit, without literal payment of the fees, costs, or security mentioned in Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2016).

Appeal from the District Court for Johnson County, Ricky A. Schreiner, Judge. Reversed and remanded.

Dennis C. Jackson, pro se.

No appearance by appellees.

Funke, C.J., Miller-Lerman, Cassel, Stacy, and Papik, JJ.

Cassel, J.

## INTRODUCTION

Dennis C. Jackson, a prison inmate, sought judicial review in the district court for Johnson County of an agency's final decision pursuant to the Administrative Procedure Act (APA).[1] Without explicitly ruling on Jackson's initial application to proceed in forma pauperis (IFP),[2] the court dismissed the APA petition as untimely. Jackson appeals. Because the court implicitly denied the application, the appeal vested jurisdiction in this court to address that denial. Finding plain error appearing in the record, we reverse the denial and remand the cause with direction and for further proceedings consistent with this opinion.

## BACKGROUND

The record is deficient, and in this appeal, dates matter. Because the district court did not explicitly rule upon Jackson's application to proceed IFP, service of process was never perfected upon the Nebraska Department of Correctional Services (DCS). And because DCS was not served, the district court never received—nor do we have—a certified record from DCS. Rather, the recitation of events below relies upon Jackson's filings, including purported copies of DCS documents, together with the appellate transcript received from the district court.

Jackson allegedly assaulted another inmate while in a prison near Tecumseh, Nebraska. The prison's Institutional Disciplinary Committee (IDC) imposed sanctions, and Jackson appealed to the DCS Appeals Board (the board).

On December 13, 2023, the board entered a written decision upholding the IDC's decision. The board's decision was "[p]rinted to [Jackson's] institution" on December 18. Jackson signed an "Inmate Appeal Board Notice Receipt" showing he received it on December 20.

---

[1] See Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2024).

[2] See Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 2016).

The record suggests that on January 11, 2024, Jackson filed in the district court an application to proceed IFP. No documents regarding this request appear in the appellate transcript, nor were they requested in Jackson's praecipe for transcript. But on that date, Jackson, as a self-represented litigant, submitted a petition for judicial review of the board's decision, and the petition was file stamped with that date by the clerk of the district court.

On January 17, 2024, the district court entered an order stating that it would consider Jackson's application to proceed IFP "once the requirements of [the January 17] order are met." That order required Jackson to file an amended petition setting forth a short and plain statement of his claim. (The original petition occupies 71 pages in the appellate transcript.) The order "allowed 15 days to file [the] amended petition pursuant to [the January 17] order." (An envelope attached to one of Jackson's filings indicates that the order was received by the prison mailroom on January 23.)

On February 5, 2024, Jackson filed an amended petition.

On that same date, which occurred before the expiration of the 30-day deadline for service of summons,[3] the court entered a written order finding Jackson's petition was untimely under § 84-917(2)(a)(i) and dismissing it for lack of subject matter jurisdiction. That order said, "The challenged decision occurred on November 20, 2023, and [Jackson] did not file his [petition] until January 17, 2024."

Jackson quarrels with two dates recited in the February 5, 2024, order. First, he contends that the November 2023 date was actually the date of the IDC hearing. Second, he recites the date of filing of his original petition as being on January 11, 2024.

On February 14, 2024 (9 days after the dismissal order), Jackson filed a "Motion for Reconsideration and Reinstatement," generally arguing that the court incorrectly identified the

---

[3] See § 84-917(2)(a)(i).

pertinent dates in its order and that his petition was timely filed. The court overruled the motion (without addressing the application to proceed IFP in the district court).

On February 26, 2024, Jackson filed an appeal to the Nebraska Court of Appeals. At the same time, Jackson filed an affidavit and request to proceed IFP on the appeal from the district court, along with supporting documentation. No ruling on that second IFP motion appears in the appellate transcript received from the district court.

In response to a notice of default in the Court of Appeals, the Attorney General's office sent a letter to the Clerk of the Supreme Court and Court of Appeals stating that it "do[es] not intend to appear in this case for the first time on appeal and no briefs will be filed by our office for that reason." The letter explained that "this case did not advance to a stage in the district court that required our office to enter an appearance. This may be because the district court made a *sua sponte* decision or denied [IFP] status or because a party failed to properly provide service of process."

We moved the appeal to our docket[4] to consider the merits of the court's timeliness determination under the APA—specifically, what constitutes the date of "service of the final decision by the agency"[5] in these circumstances: the date it was "[p]rinted to" the prison or the date on which Jackson actually received it. Jackson waived oral argument,[6] and, because no brief had been filed on behalf of any other party,[7] his appeal was submitted for decision.

After submission, we issued an order to show cause regarding the absence of proof of service of process. Jackson responded, admitting that summonses had not been served, but directing the blame to the district court. Jackson asserts that

---

[4] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

[5] § 84-917(2)(a)(i).

[6] See Neb. Ct. R. App. P. § 2-111(E)(6) (rev. 2022).

[7] See § 2-111(E)(4).

because the court deferred ruling on his application to proceed
IFP until the filing of the amended petition and then, after the
amended petition was filed, dismissed the petition without rul-
ing on the IFP motion, the "proceedings . . . never reached the
point to where [service was accomplished]."

## ASSIGNMENT OF ERROR

Jackson assigns that "[t]he district court erred in dismissing
[Jackson's] petition as untimely and in doing so violated . . .
§ 84-917(2)(a)(i)."

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not
involve a factual dispute is a matter of law which requires an
appellate court to reach its conclusions independent from a
trial court.[8]

[2,3] Although an appellate court ordinarily considers only
those errors assigned and discussed in the briefs, the appellate
court may, at its option, notice plain error.[9] Plain error is error
plainly evident from the record and of such a nature that to
leave it uncorrected would result in damage to the integrity,
reputation, or fairness of the judicial process.[10]

[4] A district court's denial of IFP status is reviewed de novo
on the record based on the transcript of the hearing or written
statement of the court.[11]

## ANALYSIS

### Implicit Denial of Application
### to Proceed IFP

[5,6] For well over a century, we have made it clear that
a clerk of the district court is an agent of the county, is
required to collect the fees due to his or her office, and has

---

[8] *Lancaster County v. Slezak*, 317 Neb. 157, 9 N.W.3d 414 (2024).

[9] *Castillo v. Libert Land Holdings 4*, 316 Neb. 287, 4 N.W.3d 377 (2024).

[10] *Id.*

[11] *Mumin v. Frakes*, 298 Neb. 381, 904 N.W.2d 667 (2017).

no authority to extend credit.[12] Indeed, it is not only the right but the duty of the clerk to require the payment of fees in advance.[13]

In order to file an APA proceeding to challenge the board's decision, Jackson ordinarily would have been required to pay a filing fee before filing his petition. An APA proceeding commences with the filing of a petition in the district court.[14] A statute requires the court clerk to collect a filing fee.[15] But, by means of an application to proceed IFP that was not contained in the appellate transcript but was mentioned in the district court's first order, Jackson apparently claimed an inability to pay the fee.

[7] Nebraska's IFP statutes[16] were enacted to provide a mechanism to permit filings by persons who are "unable to pay the fees and costs."[17] The statutes were first adopted after the U.S. Supreme Court granted certiorari to review the constitutionality of a Nebraska cost bond statute.[18]

[8] Challenges to the ability of a defendant to proceed IFP are to occur in the district court, and the district court is charged with the responsibility of granting or denying a motion to proceed IFP.[19] One of the IFP statutes contemplates that the court "may authorize the commencement" of an action.[20] It seems rudimentary that such authorization must occur before the clerk is permitted to file a petition.

---

[12] See, *Boettcher v. Lancaster County*, 74 Neb. 148, 103 N.W. 1075 (1905); *Sheibley v. Dixon County*, 61 Neb. 409, 85 N.W. 399 (1901).

[13] See *id.*

[14] See § 84-917(2)(a)(i).

[15] See Neb. Rev. Stat. § 33-106 (Cum. Supp. 2024).

[16] See §§ 25-2301 to 25-2310.

[17] § 25-2301.01.

[18] See *Huffman v. Boersen*, 406 U.S. 337, 92 S. Ct. 1598, 32 L. Ed. 2d 107 (1972) (involving challenge to Neb. Rev. Stat. § 25-1914 (Reissue 1964)).

[19] *State v. Jones*, 264 Neb. 671, 650 N.W.2d 798 (2002).

[20] § 25-2301.01.

[9] Three courses were open to the district court. Upon the filing of an application IFP to commence an action, § 25-2301.02 authorizes a court to (1) grant the application; (2) object to the application on the basis that the applicant has sufficient funds to pay costs, fees, or security, and thereafter conduct an evidentiary hearing before granting or denying the application; or (3) object to the application on the basis that the proposed complaint or petition is asserting legal positions that are frivolous or malicious and promptly file a written statement of its reasons, findings, and conclusions for denial of the application.[21]

But here, the district court followed none of the statutory paths. We know that the court did not grant the application, because the court's first order explicitly deferred ruling on the application until the filing of the amended petition. By deferring action, the court left both Jackson and the court clerk in limbo. Jackson could not obtain the certified record from DCS until his application was granted and summonses were issued. The clerk was left without an order granting leave to proceed IFP and potentially liable for an uncollected filing fee.

Then, when the court dismissed the petition without explicitly ruling on the application IFP, it compounded the error. It appears from the documents available to us that the basis of the dismissal—an untimely petition—was incorrect. If, as Jackson's petition appears to show, the board's decision was made on December 13, 2023, and given that the original petition in the district court was filed on January 11, 2024, the proceeding was instituted within 30 days of DCS' final decision. This calculation would not rely on a particular date when service was accomplished. Based on these dates, it matters not whether the decision was deemed to have been "served" on the date it was memorialized (December 13), on the date

---

[21] See § 25-2301.02(1). See, also, *Cole v. Blum*, 262 Neb. 1058, 637 N.W.2d 606 (2002).

it was "[p]rinted to" the prison (December 18), or on the date Jackson signed a receipt (December 20).

Although the February 5, 2024, order did not rule explicitly, it terminated the action and implicitly denied leave to proceed IFP. The only basis discernible from the district court's order was timeliness.

Of the three courses available to the court on the initial application to proceed IFP, only one could apply. We rule out the first one, because we cannot read either of the court's orders as granting the application. Nor is there any indication that the court believed that Jackson had "sufficient funds" to pay the fees. This leaves only the third option—purported assertion of frivolous or malicious legal positions.

[10,11] Long ago, we held:

> Except in those cases where the denial of [IFP] status "would deny a defendant his or her constitutional right to appeal in a felony case," § 25-2301.02 allows the court "on its own motion" to deny [IFP] status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue "a written statement of its reasons, findings, and conclusions for denial."[22]

As we then explained, a frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence.[23]

Two questions follow from this implicit denial of IFP status. First, do we have jurisdiction of the appeal? Second, given Jackson's assignment of error addressing only timeliness, does plain error appear in the record? We address each in turn.

### Jurisdiction of Appeal
### From Implicit Denial

[12] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has

---

[22] *Cole v. Blum, supra* note 21, 262 Neb. at 1061, 637 N.W.2d at 609.

[23] *Id.*

jurisdiction over the matter before it.[24] Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.[25]

[13] Appeal statutes establish jurisdictional prerequisites. The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist.[26] When a statute confers authority on the courts to review administrative decisions, the requirements of the statute are mandatory and must be complied with before the court acquires jurisdiction.[27]

The filing of the petition and the service of summons are the two actions necessary to establish the jurisdiction of the district court to review the final decision of an administrative agency under the APA.[28] Here, a petition was submitted along with an application to proceed IFP. But no service was accomplished. Service of summons in the manner required by § 84-917 is a prerequisite to the exercise by the district court of its jurisdiction over the subject matter on an appeal from an adverse decision of an administrative agency.[29] The absence of service would suggest that the district court never acquired subject matter jurisdiction.

[14,15] But here, another statute prescribes an order of operations based on the denial of the application to proceed IFP. Section 25-2301.02 provides a statutory right of interlocutory

---

[24] *In re Estate of Weeder, ante* p. 393, 16 N.W.3d 137 (2025).

[25] *Id*.

[26] *Perkins Cty. Bd. of Equal. v. Mid America Agri Prods.*, 317 Neb. 1, 8 N.W.3d 716 (2024).

[27] *Id*.

[28] *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

[29] *Perkins Cty. Bd. of Equal. v. Mid America Agri Prods., supra* note 26.

appellate review of a decision denying IFP eligibility.[30] An appellate court obtains jurisdiction over an appeal upon the timely filing of a notice of appeal and a proper IFP application and affidavit, without literal payment of the fees, costs, or security mentioned in § 25-2301.02(1).[31]

Both requirements for an interlocutory appeal were satisfied. On February 5, 2024, the district court implicitly denied Jackson's application to commence the APA proceeding IFP. On February 26, Jackson filed his notice of appeal and a proper application and affidavit to proceed IFP on appeal. The filings occurred within 30 days after the final order.[32] We have jurisdiction of Jackson's interlocutory appeal from the implicit denial of his original application to proceed IFP.

### Plain Error Appears in Record

As noted above, a district court's denial of IFP status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.[33] We ordinarily consider only those errors assigned and discussed in the briefs.[34] Jackson did not assign error to the denial of his first application to proceed IFP.

Nonetheless, under the circumstances here, that denial was plainly erroneous. First, it circumvented the statutory procedure, which would have presented an agency record and enabled service of process within 30 days. Second, even relying solely on Jackson's initial petition for review (which we agree was the antithesis of a short and plain statement), the reasoning of the district court's denial was untenable. It was no less untenable regarding the amended petition. Neither the original nor the amended petition supported a finding that

---

[30] *Smith v. Wedekind*, 302 Neb. 387, 923 N.W.2d 392 (2019).

[31] *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004).

[32] See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2024).

[33] *Mumin v. Frakes, supra* note 11.

[34] See *Castillo v. Libert Land Holdings 4, supra* note 9.

"[t]he challenged decision occurred on November 20, 2023, and [Jackson] did not file his [petition] until January 17, 2024." Jackson's petitions were neither frivolous nor malicious.

The denial of Jackson's initial application to proceed IFP, coupled with the apparent misunderstanding regarding the dates of DCS' final decision and the filing of the petition, erroneously deprived Jackson of his statutory right to judicial review. Leaving it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. We therefore reverse the denial and remand the cause with direction to grant Jackson's initial application to proceed IFP and for further proceedings consistent with this opinion.

We are aware that in *Dewey v. Nebraska Dept. of Corr. Servs.*,[35] the Court of Appeals addressed an application to proceed IFP *at the commencement* of an APA review proceeding. In doing so and explicitly acknowledging the distinction, the court relied to some degree upon this court's earlier decision in *Haynes v. Nebraska Dept. of Corr. Servs.*,[36] which addressed an application to proceed IFP *on appeal*. Other than to highlight that distinction, we make no comment upon the decision in *Dewey*.

CONCLUSION

As set forth in the analysis, we conclude the following:
- The district court erred in deferring ruling upon, and later implicitly denying, Jackson's initial application to proceed IFP. Under the circumstances here, the denial was plainly erroneous.
- At the outset, the court should have employed one of the three statutory paths available to it.

---

[35] *Dewey v. Nebraska Dept. of Corr. Servs.*, 33 Neb. App. 483, ___ N.W.3d ___ (2025).

[36] *Haynes v. Nebraska Dept. of Corr. Servs.*, 314 Neb. 771, 993 N.W.2d 97 (2023).

We therefore reverse the denial and remand the cause with direction to grant the initial application to proceed IFP and for further proceedings consistent with this opinion.

Reversed and remanded.

Freudenberg, J., not participating.