IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

NPIMNEE V. YOUNG

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

HOPE NPIMNEE, APPELLANT,

V.

KEVIN YOUNG, APPELLEE.

Filed May 12, 2026.    No. A-25-712.

Appeal from the District Court for Lincoln County: PATRICK M. HENG, Judge. Affirmed.

Hope Npimnee, pro se.

No appearance by appellee.

MOORE, PIRTLE, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Hope Npimnee appeals the order of the district court for Lincoln County denying his application to proceed in forma pauperis (IFP) on his complaint filed against Kevin Young. Following our de novo review, we affirm.

## STATEMENT OF FACTS

On August 5, 2025, Npimnee filed a complaint against Young for breach of contract. The complaint alleged that in December 2024, Young offered to pay Npimnee $5,000 to "call Jaide Young telephonically." Npimnee alleged that he accepted the offer and called Jaide, after which Young allegedly declined to pay Npimnee. The complaint requested the $5,000 allegedly owed by Young and $30,000 in damages. Npimnee also filed an affidavit and application to proceed IFP, which is not included in our record on appeal.

- 1 -

On August 25, 2025, the district court, on its own motion, entered an order denying Npimnee's affidavit and application to proceed IFP on the basis that Npimnee's complaint was frivolous. The court found that because the complaint provided only unsupported conclusions, it did not articulate a legitimate cause of action. The court noted that the complaint provided no indication of who Young was in relationship to Jaide, a minor child. Nor was there any indication regarding the custodial parent's position on the matter and compliance with the parenting plan, if any. The court also noted that the alleged contract was apparently oral, as it was not alleged to be in writing and was not attached to the complaint. Npimnee's other filings on the date of the complaint indicated that Npimnee was presently serving a term of 35 to 40 years' imprisonment. As such, any alleged oral agreement would be in excess of 1 year and void pursuant to the statute of frauds. The court concluded that the action was "clearly frivolous and malicious."

Npimnee appeals.

ASSIGNMENT OF ERROR

Npimnee assigns that the district court erred in denying his application to proceed IFP as frivolous.

STANDARD OF REVIEW

A district court's denial of IFP status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. See *Jackson v. Rodriguez*, 318 Neb. 657, 18 N.W.3d 408 (2025).

ANALYSIS

Npimnee sought to recover damages from Young's alleged breach of a contract. The district court denied his request to proceed IFP because the claim was frivolous.

Except in those cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) allows the court, on its own motion, to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue a written statement of its reasons, findings, and conclusions for denial. *Jackson v. Rodriguez, supra*. A frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Id*. Here, the district court followed the statutory procedure, explaining that, among other deficiencies, the complaint was frivolous because Npimnee had failed to set forth sufficiently specific allegations to support a breach of contract claim. We agree.

To create a contract, there must be both an offer and an acceptance. There must also be a meeting of the minds or a binding mutual understanding between the parties to the contract. *Morris v. Dall*, 320 Neb. 122, 26 N.W.3d 304 (2025). In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty. *Id*. It is a fundamental rule that in order to be binding, an agreement must be definite and certain as to the terms and requirements. It must identify the subject matter and spell out the essential commitments and agreements with respect thereto. *Id*. A party seeking to enforce a contract has the burden of establishing the existence of a valid, legally enforceable contract. *Id*.

The agreement in question appears to be oral, the terms of which we know very little. Npimnee's complaint only alleges that he was to place a telephone call to Jaide in exchange for $5,000 from Young. The agreement was allegedly entered into in December 2024; however, the complaint does not specify when performance of the phone call was to take place, or when the phone call was allegedly made. The complaint does not specify when payment was to be made and when the alleged breach occurred. The substance of the alleged phone call is also unclear. The complaint does not specify whether Npimnee was only required to place a call to Jaide, or whether he was required to speak to Jaide or provide a specific message. The complaint does not set out a basis for the $30,000 in requested damages.

Because Npimnee failed to establish the existence of a valid, legally enforceable contract, his legal position is wholly without merit. See *Jackson v. Rodriguez, supra*. As such, the district court did not err in concluding that his complaint was frivolous or in denying his request for IFP status.

CONCLUSION

Npimnee's request for IFP status was frivolous; therefore, the district court did not err in denying this request.

AFFIRMED.