CEDRIC PONCE, APPELLEE, V. NEBRASKA DEPARTMENT
OF CORRECTIONAL SERVICES, APPELLANT.
641 N.W.2d 375

Filed April 5, 2002. No. S-00-855.

Don Stenberg, Attorney General, and Amber Fae Herrick for appellant.

Cedric Ponce, pro se.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

A prison disciplinary committee determined that Cedric Ponce, an inmate at the Nebraska State Penitentiary, had failed to comply with his personalized program plan (plan), in violation of Nebraska Department of Correctional Services (DCS) rule 5-I-M. As a result, he lost 3 months' good time. Ponce appealed to the DCS Appeals Board (Board), which affirmed the imposition of loss of good time. The Lancaster County District Court reversed, and the DCS appeals.

## SCOPE OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Young v. Neth, ante* p. 20, 637 N.W.2d 884 (2002).

When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## FACTS

On November 4, 1999, a DCS employee reviewed Ponce's plan. She determined that Ponce had failed to comply with the plan for the period of November 2, 1998, to November 2, 1999, because he had missed more than 13 days of work due to work restriction, disciplinary segregation, administrative confinement, or intensive management. Specifically, between September 9 and 30, 1999, Ponce had spent 21 days in disciplinary segregation, and as a result, he had missed 16 days of work. Disciplinary segregation was imposed on Ponce for the "use of threatening language or gestures/fighting." The DCS employee prepared a misconduct report concerning the missed work, noting that inmates in disciplinary segregation are not allowed to work.

At a hearing before the disciplinary committee, Ponce argued that he had not intentionally missed work and that the misconduct report violated double jeopardy. He stated that he would have attended "programming" if he had been allowed to do so. Upon consideration of Ponce's testimony, other evidence submitted, and the misconduct report, the disciplinary committee determined that Ponce was guilty of violating DCS rule 5-I-M because he had missed more than 13 days of work. As a sanction, the disciplinary committee imposed loss of 3 months' good time.

Ponce appealed to the Board. It found that the evidence supported the disciplinary committee's findings and that the penalty was proportionate to Ponce's offense and was necessary to deter him and other inmates from committing similar offenses in the future. Ponce timely filed a petition in error to the Lancaster County District Court.

After a telephonic hearing, the district court reversed the decision of the Board. The court found that Ponce did not intentionally violate his plan. It noted that the case presented an identical fact pattern to that found in Elrod v. Nebraska Dept. of Corr. Servs., Douglas County District Court, No. CI99-864. For the reasons expressed in Elrod, the court found that Ponce did not intentionally violate his plan in that he did not work because the DCS would not allow him to work, not because he refused to work.

## ASSIGNMENT OF ERROR

The DCS assigns as error that the district court erred in reversing the decision of the Board.

## ANALYSIS

■ Ponce sought review in the district court of a final decision by the DCS, which is an administrative agency. Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. *Honda Cars of Bellevue v. American Honda Motor Co.*, 261 Neb. 923, 628 N.W.2d 661 (2001). A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Young v. Neth, ante* p. 20, 637 N.W.2d 884 (2002). The inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. See *id.*

Neb. Rev. Stat. § 83-1,107(1)(b) (Reissue 1999) provides in part:

> Intentional failure to comply with the department-approved personalized program plan by any committed offender as scheduled for any year, or pro rata part thereof, shall cause disciplinary action to be taken by the department resulting in the forfeiture of up to a maximum of three months' good time for the scheduled year.

The DCS argues that Ponce was informed in his plan that he could not miss more than 13 days of work without violating the plan. It asserts that Ponce intentionally breached a DCS rule, knowing that such violation could result in disciplinary segregation and a

violation of his plan. The DCS claims that Ponce was placed in disciplinary segregation as a result of his own actions and that, therefore, he intentionally failed to comply with the DCS-approved plan.

The standard of proof to sustain a charge of violating a DCS rule is substantial evidence. Neb. Rev. Stat. § 83-4,122(9) (Reissue 1999). Substantial evidence is " ' "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion and consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." ' " *Dailey v. Nebraska Dept. of Corr. Servs.*, 6 Neb. App. 919, 925, 578 N.W.2d 869, 874 (1998), quoting *Wright v. State ex rel. State Real Estate Comm.*, 208 Neb. 467, 304 N.W.2d 39 (1981).

The issue presented is whether Ponce intentionally violated his plan. The district court decided in Elrod that a prisoner who was placed in segregation for misconduct could not intentionally violate his or her plan because DCS does not allow prisoners placed in segregation to work. That same rationale was adopted in the case at bar. The court concluded that Ponce could not work because the DCS would not let him and that his misconduct was not intentional.

A violation of DCS rule 5-I-M is defined as "[i]ntentional failure to comply with the department-approved personalized program plan." See 68 Neb. Admin. Code, ch. 5, § 005 (1998). The standard for determining a violation of a DCS rule is as follows:

> An inmate commits an offense only when he or she engages in conduct which fulfills all the necessary elements of the offense. The conduct must be voluntary and be intentional or reckless or grossly negligent. The accused must have had notice that the conduct was proscribed by the Code of Offenses or applicable statu[t]es.

68 Neb. Admin. Code, ch. 5, § 004 (1998).

When inmates are placed in disciplinary segregation, their participation in institutional activities may be suspended. See 68 Neb. Admin. Code, ch. 6, § 006.09 (1998). The plan signed by Ponce on February 3, 1999, set forth the following work assignment: "Do not miss more than 13 work days in a scheduled year due to any combination of work restriction, [d]isciplinary [s]egregation, [a]dministrative [c]onfinement or [i]ntense

[m]anagement." The plan also contained the statement: "I further understand that failure to comply with the [p]ersonalized [plan] may result in disciplinary action, charge 5-I-M."

Ponce was placed in disciplinary segregation from September 9 to 30, 1999, for "use of threatening language or gestures/fighting." The intentional conduct for which Ponce was sanctioned resulted in his being placed in disciplinary segregation, and inmates placed in disciplinary segregation are not permitted to work.

We conclude that the district court erred in finding that Ponce did not intentionally violate his plan. Ponce's failure to work was a direct result of his intentional "use of threatening language or gestures/fighting." Clearly a prisoner cannot voluntarily engage in conduct which places the inmate in disciplinary segregation and then claim that he or she cannot comply with the provisions of his or her plan because the prisoner has been placed in disciplinary segregation.

Ponce's plan specifically advised him that he could not miss more than 13 days in a scheduled year due to any combination of work restriction, disciplinary segregation, administrative confinement, or intense management. Since Ponce was given proper notice that his conduct could result in disciplinary segregation and that disciplinary segregation could prevent him from being able to participate in his plan, Ponce intentionally violated the plan.

For the reasons set forth herein, the judgment of the district court does not conform to the law. Therefore, we reverse the judgment of the district court and remand the cause with directions to reinstate the imposition of the loss of 3 months' good time credit.

REVERSED AND REMANDED WITH DIRECTIONS.