STATE OF NEBRASKA, APPELLEE, V.
MICHAEL L. JONES, APPELLANT.
650 N.W.2d 798

Filed September 20, 2002.   No. S-01-854.

Michael L. Jones, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Michael L. Jones seeks review of the order of the Douglas County District Court denying his motion for postconviction relief.

## SCOPE OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State v. Canaday,* 263 Neb. 566, 641 N.W.2d 13 (2002).

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Dean, ante* p. 42, 645 N.W.2d 528 (2002).

## FACTS

Jones filed a motion for postconviction relief pursuant to Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995) on June 7, 2001. Jones alleged that he had been charged by information on July 26, 1989, with 17 counts of robbery and 16 counts of use of a firearm to commit a felony. In October 1989, he pled guilty to four of the counts, and under the terms of a plea agreement, the other counts were dismissed. He was then found guilty of three counts of robbery and one count of use of a firearm, and he was sentenced to a term of 25 to 50 years in prison. A detailed statement of facts regarding the trial court's acceptance of Jones' plea is set forth in the analysis section of this opinion.

In his postconviction motion, Jones asserts that he was not fully apprised of the consequences of accepting the plea agreement. He claims that the trial court did not explain his rights to him and that his counsel did not inform him in detail of the consequences of the plea agreement. Jones claims that he would have insisted on a trial if he had been better informed.

Jones also asserts that an evidentiary hearing is warranted because his counsel provided ineffective assistance during the plea agreement, sentencing, and the appeal process. Jones claims that his court-appointed counsel, who was employed by the Douglas County public defender's office, "appeared to be [only]

a go-between for arranging a plea bargain" and that he felt compelled to plead guilty. Jones alleges that at the plea hearing, the trial court did not advise him of his right to effective assistance of counsel and that his attorney "stood moot [sic] and allowed this unconstitutional oversight to occur without objection."

Jones also alleges that his counsel advised him to state on the record that he had committed the robberies. He suggests that his sentence was to 20 more years in prison than had been represented to him by counsel.

The district court denied Jones' motion for postconviction relief without a hearing, and Jones timely appealed.

## ASSIGNMENTS OF ERROR

Jones assigns two errors: (1) The district court erred in denying his rights under article I, § 13, of the Nebraska Constitution, which provides that all courts shall be open and every individual shall have a remedy by due course of law, and (2) the district court erred in finding that any issues raised by Jones were or could have been raised on direct appeal.

## ANALYSIS

### JURISDICTION

We first address the State's position that this court lacks jurisdiction over the instant appeal because there is no order in the record granting Jones permission to proceed in forma pauperis. The following statutes are applicable:

> An order sustaining or overruling a motion filed under sections 29-3001 to 29-3004 shall be deemed to be a final judgment, and an appeal may be taken from the district court as provided for in appeals in civil cases. A prisoner may, in the discretion of the appellate court and upon application to the appellate court, be released on such recognizance as the appellate court fixes pending the determination of the appeal.

§ 29-3002.

> Any county or state court, except the Nebraska Workers' Compensation Court, may authorize the commencement, prosecution, defense, or appeal therein, of a civil or criminal case in forma pauperis. An application to proceed in forma pauperis shall include an affidavit stating that the affiant is

unable to pay the fees and costs or give security required to proceed with the case, the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress.

Neb. Rev. Stat. § 25-2301.01 (Cum. Supp. 2000).

(1) An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application: (a) Has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. The objection to the application shall be made within thirty days after the filing of the application. Such objection may be made by the court on its own motion or on the motion of any interested person. The motion objecting to the application shall specifically set forth the grounds of the objection. An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. . . . If an objection is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal. In any event, the court shall not deny an application on the basis that the appellant's legal positions are frivolous or malicious if to do so would deny a defendant his or her constitutional right to appeal in a felony case.

Neb. Rev. Stat. § 25-2301.02 (Cum. Supp. 2000).

■ In *State v. Dallmann*, 260 Neb. 937, 947, 621 N.W.2d 86, 96 (2000), we addressed the timing of a jurisdictional challenge in a case in which a party wished to proceed in forma pauperis: "Section 25-2301.02 makes clear that challenges to the ability of a defendant to proceed in forma pauperis are to occur in the district court and that the district court is charged with the responsibility of granting or denying the motion to proceed in forma pauperis."

■ We also stated:

"We have uniformly held that lower courts are divested of subject matter jurisdiction over a particular case when an

appeal of that case is perfected. . . . [W]e [have] held that an in forma pauperis appeal is perfected when the appellant timely filed a notice of appeal and an affidavit of poverty.

"Although jurisdiction is vested in the appellate court upon timely filing of a notice of appeal and an affidavit of poverty, some duties are still required of the lower court. . . . For example, the lower court must forward to the appellate court the notice of appeal, requests for the transcript and the bill of exceptions, and the docket fee or poverty affidavit. Sections 25-2301 and 25-2308 require the lower court to act if it determines that the allegations of poverty are untrue or if it determines that the appeal is not taken in good faith.

"Generally, appellants are entitled to the benefits of an in forma pauperis appeal when the affidavit of poverty and notice of appeal are filed and stand uncontradicted and unobjected to. If there is no hearing on the poverty affidavit and the appeal, or when there is a hearing and the evidence is uncontradicted, the trial court has a duty to allow the appellant to proceed in forma pauperis."

*Dallmann*, 260 Neb. at 947-48, 621 N.W.2d at 96.

In *In re Interest of N.L.B.*, 234 Neb. 280, 450 N.W.2d 676 (1990), the appellant had filed both a notice of appeal and a poverty affidavit within the time prescribed by statute. However, the trial court did not enter an order authorizing the appellant to proceed in forma pauperis within 30 days. The appellee claimed that in addition to filing a poverty affidavit, the party appealing must also obtain authorization from the trial court to proceed in forma pauperis.

In rejecting the appellee's contention, we stated:

[A]lthough it may be customary and a mark of prudence for an appellant to obtain authorization of the trial court in order to forestall any finding of a lack of good faith and possible dismissal of the appeal, contrary to appellee's assertion, there is no statutory requirement that such authorization be obtained in order to make the affidavit effective.

*Id.* at 282, 450 N.W.2d at 679. We held, based on the statute in effect at the time, that this court obtained jurisdiction when a party filed a notice of appeal and an affidavit of poverty.

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State v. Canaday*, 263 Neb. 566, 641 N.W.2d 13 (2002). In the present case, the record contains no order granting or denying Jones' in forma pauperis request. Nor does it contain any objection to the request. The absence of an order allowing a party to proceed in forma pauperis does not divest this court of jurisdiction over an appeal. See *In re Interest of N.L.B., supra.* This court obtained jurisdiction over the appeal upon the timely filing of a notice of appeal and a proper in forma pauperis application and affidavit. The State's assertion that this court lacks jurisdiction has no merit, and we therefore proceed to consider the merits of the postconviction motion.

### POSTCONVICTION MOTION

Jones argues that the district court violated article I, § 13, of the Nebraska Constitution, which provides that the courts shall be open to all, when it refused to grant him an evidentiary hearing on his motion for postconviction relief. When such a motion properly alleges an infringement of a defendant's constitutional rights, an evidentiary hearing should still be denied when the records and files affirmatively show that the defendant is entitled to no relief. See *State v. Billups*, 263 Neb. 511, 641 N.W.2d 71 (2002).

Jones claims that at trial, he was represented by an attorney who worked in the Douglas County public defender's office and that he was represented on direct appeal by a second attorney from the Douglas County public defender's office. The only issue raised on direct appeal was excessiveness of the sentence. Jones asserts that because both attorneys worked for the same entity, appellate counsel was not able to raise any claim of ineffectiveness of trial counsel on direct appeal.

We have held that when a defendant was represented both at trial and on direct appeal by lawyers employed by the same public defender's office, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. See *State v. Soukharith*, 260 Neb. 478, 618

N.W.2d 409 (2000). Therefore, Jones' claim of ineffective assistance of counsel is properly before us.

Jones' brief does not provide specifics as to errors allegedly made by his trial counsel. A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Dean, ante* p. 42, 645 N.W.2d 528 (2002).

In his postconviction motion, Jones suggests several items which he believes demonstrate ineffective assistance of his trial counsel: (1) Jones did not enter his plea voluntarily, knowingly, and intelligently, and counsel did not object when the trial court failed to adequately inform Jones of his constitutional rights; (2) if counsel had provided better information to him, Jones would have insisted on going to trial; (3) counsel advised Jones to expressly state in open court on the record that he committed the robberies; and (4) counsel failed to object to Jones' sentence, which was to 20 more years in prison than had been represented to him by counsel. Jones states that he was charged with a number of crimes which allegedly occurred during a 2-week crime spree "wherein several [r]obberies were committed with the use of a hand gun, but one which was subsequently agreed among the parties to have been inoperable."

We first consider Jones' assertion that his plea was not entered voluntarily, knowingly, and intelligently. We have held that in most cases, a voluntary guilty plea waives all defenses to a criminal charge. However, in this case, the postconviction action brought by Jones, who was convicted on the basis of a guilty plea, may be considered on the allegation that the plea was the result of ineffective assistance of counsel. See *State v. Bishop*, 263 Neb. 266, 639 N.W.2d 409 (2002).

When Jones entered his plea, the trial court informed him that he had originally been charged with one count of second degree forgery, 18 counts of robbery, and 16 counts of use of a firearm to commit a felony. The State indicated that the plea agreement provided for Jones to enter guilty pleas to four counts and that the remainder of the charges would be dropped. Jones indicated that he understood the agreement. Jones' trial counsel noted that another charge could be filed in Iowa, but it was understood that

Iowa would await resolution of the Nebraska charges before taking further action, and Jones indicated that he understood.

The trial court informed Jones of his constitutional rights and asked whether he was satisfied with his attorney and whether he had had a chance to talk to the attorney about the case. Jones was informed of the possible penalties for the charges. The court asked Jones whether any promises had been made to him in exchange for the guilty plea and whether he had consumed any alcoholic beverages or taken any drugs or medication in the previous 24 hours.

The trial court proceeded to review for Jones the constitutional rights he was waiving by entering a guilty plea, including the right to a public trial by jury, the right to an attorney at no cost, the right to cross-examine witnesses, the right to a speedy trial, the right to testify in his own defense, the right to remain silent, the right to subpoena witnesses, and the right to be presumed innocent until the State proved each and every element of the crimes beyond a reasonable doubt. Jones indicated that he understood each of these rights.

The trial court also informed Jones that if he pled guilty, he would waive the right to require the State to prove that any statement he made to police had been made of his own free will after he was advised of his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and after a knowing and intelligent waiver of those rights. Jones indicated he understood that right as well.

Jones entered guilty pleas to three charges of robbery and one charge of use of a firearm to commit a felony. The trial court then asked Jones to state the factual basis for the charges. Jones stated that he robbed the clerk at the Travel Inn on July 4, 1989. Jones showed a gun to the clerk, but it was not loaded, it had no trigger, and the side panel was torn off. The victim did not know the gun was inoperable, Jones said.

On June 19, 1989, Jones asked the clerk at the Colonial Hotel for change and then demanded the money in the cash register when it was opened. On July 3, Jones and a friend went into the Rodeway Inn and asked for a room. When the clerk rang up the amount and opened the cash register, Jones' friend brandished a pistol and Jones took the money from the cash register. The

State indicated that the evidence would show that the victims were able to identify Jones and that he made a statement to a police officer.

Jones' counsel noted that he had discussed with Jones the possibility of using the defense of being under the influence of a controlled substance, but counsel believed that Jones' impaired state could serve only as a mitigating factor. Jones indicated to the trial court that he understood he was waiving the legal defense of intoxication by entering a guilty plea.

The trial court found a factual basis for the guilty pleas and found that they were made knowingly, understandingly, and intelligently. The remaining counts were dismissed.

At sentencing, Jones' counsel asked the trial court to impose consecutive sentences of 3 to 5 years in prison. Jones stated that he had a problem with cocaine, and he expressed remorse and asked for an opportunity to return to society in the future.

The trial court noted that Jones was originally facing a sentence of 400 to 1,200 years in prison based on the number of charges. The maximum sentence for the charges to which Jones pled guilty was 60 to 170 years in prison. The court then entered this sentence:

> On Count VII, that of robbery, it's the sentence of The Court that you be confined in the Nebraska Department of Correctional Services in Lincoln for a period of not less than 10 nor more than 20 years. On Count VIII, use of a firearm in the commission of a felony, that you be confined in the Nebraska Department of Correctional Services in Lincoln for a period of not less than 5 nor more than 10 years, to be consecutive. On Count IX, that of robbery, that you be confined in the Nebraska Penal—or Nebraska Department of Correctional Services at Lincoln for a period of not less than 10 nor more than 20 years, to be consecutive. The final count of robbery is going to be concurrent with all the other sentences. That's 15 to 30 years, to be concurrent with any other sentence imposed. I'm also giving you credit from the date of your arrest, from July 6th, 1989, until the date of sentence.

In *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), this court first specified the requirements for finding that a guilty plea

has been entered freely, intelligently, voluntarily, and under-standingly. We held that the court must inform and examine the defendant to determine that he or she understands (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. The record must also show that there is a factual basis for the plea and that the defendant knew the range of penalties for the crime with which he or she was charged. We have often reiterated these requirements. See, e.g., *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997).

The record in this case shows that Jones was informed of all of his rights as required by *Irish*. Jones was told that he had origi-nally been charged with one count of second degree forgery, 18 counts of robbery, and 16 counts of use of a firearm to commit a felony and that the plea agreement provided that the majority of the charges would be dropped if Jones entered guilty pleas to four counts. He indicated he understood that he had the right to assist-ance of counsel, the right to confront witnesses against him, the right to a jury trial, and the privilege against self-incrimination. Jones provided a factual basis for the plea when he explained the circumstances of each of the crimes. He stated that he understood the range of penalties for the crimes and indicated that he under-stood the rights as explained to him by the trial court. The record affirmatively shows that Jones entered his plea freely, intelli-gently, voluntarily, and understandingly, and there is no basis for a claim that he would not have entered the plea if counsel had properly objected when Jones was allegedly inadequately informed of his constitutional rights.

Jones also complains because his trial counsel advised him to expressly state in open court on the record that he committed the robberies. Under *Irish*, there must be a factual basis stated for the plea. The trial court asked Jones to describe the crimes in order to provide that factual basis. If Jones had refused to pro-vide the information, the State would have been able to provide the details of the crimes. This allegation provides no basis for postconviction relief.

In addition, Jones asserts that his trial counsel provided in-effective assistance by failing to object to the sentence, which

was to 20 more years in prison than had been represented to him by counsel. The trial court had informed Jones of the possible penalties for the crimes with which he was charged. Counsel requested a sentence of 3 to 5 years in prison for each count. The alleged excessiveness of the sentence was raised on direct appeal, and the sentence was affirmed. Since the issue was decided on direct appeal, it will not be considered further. This assignment of error has no merit.

■ Jones also asserts that the district court erred in denying his motion for postconviction relief when it found that all his alleged errors were or could have been raised on direct appeal. As this court has often held, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). Jones' claims on postconviction relate to the entry of his guilty plea and to his sentencing. The sentencing issue was raised on direct appeal, and the sentence was affirmed. Any issues related to the guilty plea were known to Jones at the time of the direct appeal and could have been raised then. Those issues can be raised now only if Jones received ineffective assistance of counsel on appeal. The records and files affirmatively show that Jones is entitled to no relief.

The district court did not err in denying an evidentiary hearing or in denying the postconviction motion.

## CONCLUSION

The record supports the judgment of the district court, which denied Jones' motion for postconviction relief without an evidentiary hearing. The judgment of the district court is affirmed.

AFFIRMED.