IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

DEVERS V. NEBRASKA DEPT. OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ENNIS DEVERS, APPELLANT,

V.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, APPELLEE.

Filed June 18, 2024.   No. A-23-652.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Ennis Devers, pro se.

Michael T. Hilgers, Attorney General, and Joseph Messineo for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

A prison disciplinary committee determined that Ennis Devers, an inmate at the Nebraska State Penitentiary, had engaged in sexual activities in violation of the Nebraska Department of Correctional Services (NDCS) code of offenses. As a result, he lost 60 days' good time. Ennis appealed to the NDCS Appeals Board, which affirmed the imposition of loss of good time. The Lancaster County District Court affirmed the Board's decision. We affirm.

## STATEMENT OF FACTS

On the afternoon of August 29, 2022, Corporal Mattie Windholz was on duty at the Nebraska State Penitentiary and was standing outside of the housing units as inmates were released to eat. As inmates were walking past Windholz, she felt a hand touch her buttocks. Windholz looked over to see who had touched her, and she saw an inmate "whose face I was familiar with

but was unsure of their name." Windholz reported the touch and went to the control center to review surveillance video footage, where she was able to identify Devers as the inmate who had touched her buttocks. Windholz then found Devers, placed him in restraints, and escorted him to holding. Windholz detailed the incident in a misconduct report regarding sexual activities in violation of 68 Neb. Admin. Code, ch. 5, § II(C) (2008) (Rule 5-II-C).

On September 2, 2022, Devers went before an investigating officer and he commented, "I never touched her at all. I don't know who did it, there was plenty of other inmates around. All [I] did was walk straight by her." He also asked to view the surveillance video footage. The investigating officer declined to dismiss the misconduct report and referred the matter to the Institutional Disciplinary Committee for a hearing.

On September 7, 2022, the Institutional Disciplinary Committee held a hearing on the misconduct report. Devers appeared in person and Windholz appeared telephonically. The chair of the committee read Windholz' misconduct report into the record.

Devers denied that he had ever touched Windholz, asserting that he had walked past her with four or five other inmates. After Windholz asked the group who touched her, "She never cuffed nobody; never said anything to nobody. Came back moments later and here I am now." Devers was permitted to ask specific questions to Windholz.

Windholz responded that she did not see a hand touch her, but that she saw Devers' face when Windholz looked around after she had been touched. Windholz conceded that Devers was not the only inmate in the area at the time, but that he was the one who had been closest to Windholz. Windholz denied that any other inmate was "within range" at the time she was touched. Windholz did not take Devers to holding immediately because she wanted to ensure that her identification of Devers was accurate for the misconduct report.

Windholz was unable to see the direct touch when she reviewed the surveillance footage in the control center. However, based on the video, Devers was the inmate closest to her as well as one of the first inmates to turn and acknowledge Windholz' directives not to touch her.

After the examination of Windholz by Devers, the chair reviewed the surveillance footage. The chair subsequently found Devers guilty of sexual activity and assessed him 30 days' phone restriction and 60 days' loss of good time. Following the Institutional Disciplinary Committee's decision, Devers appealed to the NDCS Appeals Board.

On October 11, 2022, the Appeals Board affirmed the Institutional Disciplinary Committee's decision, finding that the record indicated Devers had touched a staff member's buttocks, and that video evidence corroborated the information found in the body of the misconduct report. The Board found that such was sufficient evidence of a Rule 5-II-C violation. The Appeals Board further found that the 30 days' phone restriction and 60 days' loss of good time was within the appropriate range of sanctions available. Devers timely filed a petition in error to the district court.

In an order entered on August 10, 2023, the district court affirmed the decision of the NDCS Appeals Board.

Devers, self-represented, appeals.

ASSIGNMENT OF ERROR

Devers assigns that the district court erred when it found substantial evidence existed to support that Devers had violated Rule 5-II-C.

STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Uhrich & Brown Ltd. Part. v. Middle Republican NRD*, 315 Neb. 596, 998 N.W.2d 41 (2023). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

ANALYSIS

Devers argues that the district court erred when it found substantial evidence of Devers' Rule 5-II-C violation, as the court relied on circumstantial evidence. Devers points to Windholz' own acknowledgment that she did not see the touch herself, nor did the surveillance footage capture the touch. Devers asserts that "[w]ithout more the evidence is scintilla, purely based off of speculation and cannot be considered substantive." Brief for appellant at 6.

"Sexual Activities," as provided in Nebraska's Administrative Code, is defined, in part, as "touching another person's intimate parts[.]" See 68 Neb. Admin. Code, ch. 5, § II(C) (2008). The standard of proof to sustain a charge of violating a Department of Correctional Services rule is substantial evidence. *Ponce v. Nebraska Dept. of Corr. Servs.*, 263 Neb. 609, 641 N.W.2d 375 (2002). See, also, Neb. Rev. Stat. § 83-4,122(9) (Reissue 2014). Substantial evidence is evidence which a reasoning mind would accept as sufficient to support a particular conclusion and consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. *Ponce v. Nebraska Dept. of Corr. Servs., supra*.

The district court found that the evidence establishing that Devers touched Windholz' buttocks was circumstantial but sufficient to constitute substantial evidence in this case. The court acknowledged that Windholz stated that from the camera angle she reviewed, the footage did not capture the direct touch. However, the surveillance footage allowed Windholz to confirm that Devers was the closet person to her when the touch occurred and to identify Devers, as Windholz was previously familiar with his face but not his name.

The district court concluded that the record established that Windholz felt a hand touch her buttocks, that Devers was beside Windholz when the touch occurred, and that Devers was the closet inmate to Windholz when the touch occurred. Thus, "[t]hough circumstantial, this is evidence which a reasoning mind would accept as sufficient to support the conclusion that [Devers] touched [Windholz'] buttock."

Our review of the surveillance footage shows several inmates exiting from a building to an outdoor area some distance from the surveillance camera. Though the image is blurry, what appears to be a female guard is shown also exiting the building. The guard then stands in the outdoor area and observes the line of inmates walking past her. At some point the guard appears to turn abruptly but does not engage with any of the inmates. After speaking briefly with another

guard, the female guard walks briskly back into the building. The surveillance footage did not capture any physical contact of the guard by an inmate.

We disagree with Devers' argument that circumstantial evidence cannot be substantive. There are two kinds of evidence, direct and circumstantial. Direct evidence directly proves the fact in dispute without inference or presumption. Circumstantial evidence is evidence of one or more facts from which the existence of the fact in dispute may logically be inferred. *State v. Dap*, 315 Neb. 466, 997 N.W.2d 363 (2023). Circumstantial evidence is not inherently less probative than direct evidence, and a fact proved by circumstantial evidence is nonetheless a proven fact. *Id*.

Windholz' testimony established that Windholz felt a hand touch her buttocks, and upon turning around, she saw an inmate whom she recognized as the closest inmate in proximity to her. When Windholz viewed the surveillance video, although she could not see the physical contact, she was able to identify the inmate closest to her as Devers. A reasoning mind would accept the evidence to support the inference that Devers touched Windholz' buttocks. See *Ponce v. Nebraska Dept. of Corr. Servs., supra*. We agree with the district court that there exists substantial evidence to find that Devers touched another person's intimate parts, thus violating Rule 5-II-C.

## CONCLUSION

Because the district court's decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable, we affirm.

AFFIRMED.