Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/04/2025 09:09 AM CST

- 483 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
DEWEY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 33 Neb. App. 483

MICHAEL DEWEY, APPELLANT, V. NEBRASKA DEPARTMENT
OF CORRECTIONAL SERVICES, APPELLEE.
___ N.W.3d ___

Filed February 25, 2025.    No. A-24-111.

1. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.
2. **Affidavits: Judgments.** If an in forma pauperis application is filed, the court has the statutory authority and duty to grant or deny the application.
3. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Reversed and remanded for further proceedings.

Michael Dewey, pro se.

No appearance by appellee.

RIEDMANN, Chief Judge, and BISHOP and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Michael Dewey, an inmate in the custody of the Nebraska Department of Correctional Services (DCS), was sanctioned for two rule violations while incarcerated. Dewey filed a petition seeking judicial review of his disciplinary sanction in the

- 484 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
DEWEY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 33 Neb. App. 483

district court for Lancaster County. Dewey also filed a motion to proceed in forma pauperis and an affidavit of poverty in support of his motion. Before ruling on Dewey's motion, the court ordered Dewey to provide a certified copy of his inmate account within 20 days of its order. Dewey failed to comply. Consequently, the court closed the case without ruling on Dewey's in forma pauperis application. For the reasons set forth below, we find that the district court abandoned its statutory duty to rule on Dewey's application. We reverse the district court's order closing the case and remand the cause for further proceedings.

BACKGROUND

Our record contains only a transcript from the district court. Accordingly, we rely on Dewey's petition to summarize the DCS proceedings below. While incarcerated, Dewey was charged with two DCS rule violations: drug or intoxicant abuse and violation of regulations. The disciplinary committee found Dewey guilty of both violations and imposed as punishment 30 days' room restriction, 30 days' loss of good time, and 60 days' visit restriction. Dewey appealed to the DCS appeals board, which upheld the disciplinary committee's decision.

On December 18, 2023, pursuant to Neb. Rev. Stat. § 84-917 (Cum. Supp. 2024), Dewey filed his petition for judicial review in the district court. He also filed a motion to proceed in forma pauperis and an affidavit in support of his motion. On December 20, the court issued an order instructing Dewey to file a certified copy of his inmate account. The order stated, "If the Certificate is not filed within . . . 20 days, this case will stand dismissed."

On January 17, 2024, the court issued an order closing the case due to Dewey's failure to timely provide a copy of his inmate account. The State of Nebraska never entered an appearance in the district court. On January 22, a certified copy of Dewey's inmate account was filed. On February 13, Dewey filed three documents. The first document was titled "Amended Notice of Appeal," indicating his appeal to this

- 485 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
DEWEY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 33 Neb. App. 483

court. The record does not contain any prior notices of appeal. Dewey also filed a motion to proceed in forma pauperis on appeal to this court, which was granted by the district court. Finally, Dewey filed a motion to vacate the district court's order closing the case. The district court determined that it lacked jurisdiction to address that motion due to Dewey's appeal.

The State has not appeared on appeal other than to send a letter indicating its waiver of appearance.

## ASSIGNMENTS OF ERROR

Dewey assigns that the district court erred in (1) denying his motion to proceed in forma pauperis and (2) not granting him an evidentiary hearing on his motion to vacate.

## STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. *Sabino v. Ozuna*, 303 Neb. 318, 928 N.W.2d 778 (2019).

## ANALYSIS

*Motion to Proceed In Forma Pauperis.*

Dewey asserts that the district court erred when it denied his motion to proceed in forma pauperis. Neb. Rev. Stat. § 25-2301.01 (Reissue 2016) provides:

> Any county or state court, except the Nebraska Workers' Compensation Court, may authorize the commencement, prosecution, defense, or appeal therein, of a civil or criminal case in forma pauperis. An application to proceed in forma pauperis shall include an affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case, the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress.

Under Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2016), an application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application

- 486 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
DEWEY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 33 Neb. App. 483

(a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. Section 25-2301.02(1) also provides that the objection to the application shall be made within 30 days after the filing of the application or at any time if the ground for the objection is that the initial application was fraudulent. Such objection may be made by the court on its own motion or on the motion of any interested person and must specifically set forth the grounds of the objection under § 25-2301.02(1).

Section 25-2301.02(1) also states that an evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the application which shall become a part of the record. *Id.* Importantly, if an objection is sustained, the party filing the application *shall have 30 days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security* notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal. *Id.*

The wrinkle in this case is that the district court never ruled on Dewey's application to proceed in forma pauperis. Instead, the court entered an order that deferred its ruling on Dewey's application and gave Dewey 20 days to submit a certified copy of his inmate account. When he failed to do so, the court closed the case.

In *Haynes v. Nebraska Dept. of Corr. Servs.*, 314 Neb. 771, 993 N.W.2d 97 (2023), an inmate was sanctioned for drug use while in prison and sought judicial review of his disciplinary sanction. The district court considered the merits of the petition and found that the DCS appeals board did not err in upholding the disciplinary committee's decision. The inmate subsequently filed a notice of appeal, accompanied by a motion and affidavit for leave to proceed in forma pauperis.

- 487 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
DEWEY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 33 Neb. App. 483

The district court deferred ruling on the inmate's motion until it received a certified copy of his inmate account. The court warned the inmate that if the document were not filed within 30 days, the motion would be denied and the case would be dismissed. The Nebraska Supreme Court's record did not include an order of the district court granting or denying the inmate's in forma pauperis request. Consequently, DCS questioned whether the Supreme Court had jurisdiction.

[2] The Supreme Court found that it had jurisdiction of the appeal, even though the record did not include an order granting or denying the inmate's request. The Supreme Court determined that the inmate perfected his appeal when he timely filed his notice of appeal and application and affidavit to proceed in forma pauperis. The Supreme Court then went on to find the following:

> Though the district court had the statutory authority to grant or deny [the inmate's] in forma pauperis application, we are unaware of any authority the district court had to dismiss [the inmate's] appeal. With that being said, by not ruling on the application, the district court functionally abandoned its statutory duty to determine the validity of [the inmate's] affidavit.

*Id.* at 779, 993 N.W.2d at 103.

Although the procedural posture in this case differs somewhat from the one in *Haynes v. Nebraska Dept. of Corr. Servs., supra*, we find the Supreme Court's instructions on in forma pauperis applications and rulings enlightening. Applying those principles here, we find that the district court did not have the authority to close Dewey's case based solely on his failure to timely file a certified copy of his inmate account. Section 25-2301.02(1) does not provide the court with such power. Instead, § 25-2301.02(1) states that an in forma pauperis application *shall be granted* unless there is an objection. Section 25-2301.02(1) also states that if there is an objection, an evidentiary hearing *shall be conducted* unless

- 488 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
DEWEY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 33 Neb. App. 483

the objection is by the court and asserts that the applicant's legal positions are frivolous or malicious.

In this case, the district court deferred its ruling on Dewey's application and ordered Dewey to provide a certified copy of his inmate account. Whether that order qualifies as an objection to Dewey's application is unclear. But even if we were to interpret the order as an objection, the court nonetheless failed to hold an evidentiary hearing in accordance with § 25-2301.02(1). The court also failed to definitively rule on Dewey's application as required by the statute. Had the court done so and denied the application, Dewey was to be given 30 days to pay the required fees in order to proceed with his petition for judicial review. Dewey was deprived of the opportunity to pay when the court closed the case without ruling on the application. Thus, for all these reasons, we find that the court functionally abandoned its statutory duty to determine the validity of Dewey's affidavit and rule on Dewey's in forma pauperis application. We therefore remand the cause back to the district court to rule on Dewey's motion to proceed in forma pauperis in accordance with § 25-2301.02.

*Motion to Vacate.*

[3] Having found that the district court erred in closing Dewey's case, we need not consider Dewey's other assigned error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *In re Interest of Jordon B.*, 316 Neb. 974, 7 N.W.3d 894 (2024).

## CONCLUSION

Because the district court failed to rule on Dewey's motion to proceed in forma pauperis, we reverse the court's order dismissing the case and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for
further proceedings.